UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP JONES,  #18419-039

        Petitioner,

v.

                              CASE NO. 2:13-CV-13681
                              HONORABLE NANCY G. EDMUNDS

J. A. TERRIS,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION**

Federal prisoner Phillip Jones ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal convictions and sentences.  In 1995, Petitioner was convicted of conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. §§ 841 (a)(1) and 846; distribution of cocaine base, 21 U.S.C. § 841(a)(1); attempt to possess cocaine with intent to distribute and aiding and abetting, 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2; and use of a firearm during a drug trafficking crime and aiding and abetting, 18 U.S.C. §§ 2 and 924(c), following a jury trial in this district before the Honorable Anna Diggs Taylor.  He was sentenced to concurrent terms of 10 years imprisonment on each of the drug charges, a consecutive term of 30 years imprisonment on the weapons charge, and eight years of supervised release.  His convictions and sentences were affirmed on direct appeal.  *United States v. Jones*, 102 F.3d 804 (6th Cir. 1996).  Following that decision, Petitioner filed a myriad of motions challenging his convictions and sentences, all of which were unsuccessful.  *See Jones v. Walton*, No. 11-CV-10428 (E.D. Mich. March 28, 2011) (Duggan, J. detailing

motions in order denying similar § 2241 habeas petition).

In 2002, in light of Petitioner's history of filing repetitive and non-meritorious pleadings, the United States Court of Appeals for the Sixth Circuit issued an order prohibiting Petitioner from filing "ANY" document with the Sixth Circuit or the district court challenging his conviction unless: 1) he has a claim that relies on a new rule of constitutional law made retroactive by the Supreme Court on collateral review; or 2) a factual predicate that could not have been previously discovered through due diligence which would establish by clear and convincing evidence that no fact finder would have found him guilty. *Id.* (citing *In re Jones*, No. 02-1462 (6th Cir. Oct. 22, 2002)). Petitioner nonetheless continued to file motions in this district challenging his convictions and sentences, all of which were unsuccessful. He also filed several habeas corpus petitions in the federal district courts, all of which were denied. *Id.*

In his current petition for habeas relief under §2241, Petitioner challenges the trial court's amendment of the grand jury indictment, which separated Count 5 of that indictment into two counts, thereby adding a Count 6 concerning the use of a machine gun. Petitioner asserts that the amendment was improper such that he is innocent of Count 6. Petitioner filed a similar § 2241 petition in this district in 2011. The court summarily dismissed that petition pursuant to Rule 4 of the rules governing habeas corpus cases, finding that Petitioner had not shown that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective and could not show that he was actually innocent. *Id.* The court subsequently denied Petitioner's motion to alter or amend the judgment. The Sixth Circuit affirmed both rulings. *Jones v. Walton*, Nos. 11-1713/1729 (6th Cir. Feb. 21, 2012).

The instant petition is similarly subject to summary dismissal. First, Petitioner has

neither alleged nor established that his present motion satisfies the Sixth Circuit's 2002 order. Petitioner has not cited a relevant new rule of constitutional law that would affect the outcome of his case, nor has he set forth a factual predicate which could not have been previously discovered through due diligence and which would establish by clear and convincing evidence that no fact finder would have found him guilty. To be sure, as with his 2011 petition for habeas relief, Petitioner challenges Count 6 of the amended indictment. Petitioner is thus barred from proceeding in this action.

Second, as explained by the district court and the Sixth Circuit in their 2011 and 2012 orders, Petitioner has failed to demonstrate that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, or that he is actually innocent. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Smith v. Snyder*, 48 F. App'x 109, 111 (6th Cir. 2002). Petitioner is thus not entitled to relief under 28 U.S.C. § 2241. His petition must be dismissed.

Accordingly, for the reasons stated, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

**IT IS ORDERED.**

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: October 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2013, by electronic and/or ordinary mail.

       s/Johnetta M. Curry-Williams
       Case Manager
       Acting in the Absence of Carol A. Hemeyer